UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VANESSA HILL, individually and on behalf of all others similarly situated,, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:23-cv-01045 ) ) |
| ARDENT HEALTH SERVICES, et al., | ) ) |
| Defendants. | ) ) |

# MEMORANDUM OPINION

This litigation is being waged on two fronts. The first is Vanessa Hill's claims, on behalf of herself and her co-workers, that Ardent Health Services and BSA Health System Management ("Defendants") failed to pay their employees for all the hours they worked. (E.g., Doc. No. 49 ¶¶ 1–3). The failure to pay occurred when Defendants' timekeeping and payroll system, Kronos, experienced a ransomware attack on December 11, 2021. (Id. ¶¶ 107–127). During an extended system outage, Defendants failed to accurately track and pay their employees for the hours they worked. (Id.). To recover these unpaid wages, Ms. Hill sued Defendants under the Fair Labor Standards Act (FLSA) and under two state law theories—breach of contract and unjust enrichment. (Id. ¶¶ 432–469).

The second front stems from Defendants' conduct during this litigation. Distilled to its essence, Ms. Hill claims that Ardent fraudulently entered into a Tolling Agreement with her and then delayed the case by over a year to run out the statute of limitations for its corporate subsidiary, BSA. (E.g., id. ¶¶ 175–361, 471–514). Specifically, Ms. Hill claims that Ardent knew that: (1) BSA was technically the employer of many of the affected employees, and (2) Ms. Hill believed

1

Ardent was the employer for the purposes of her claims and the claims of other opt-in plaintiffs. (Id.). According to her, Ardent preyed on Ms. Hill's misconception by entering into the Tolling Agreement with her even though it knew it would ultimately argue it was not her employer. (Id.). Based on this alleged misconduct, Ms. Hill is suing Ardent for promissory fraud, fraudulent misrepresentation, and negligent misrepresentation. It appears Ms. Hill raises these fraud-based claims for the sole purpose of combatting any statute of limitation defense Defendants may assert regarding her wage claims.

Defendants have moved to dismiss all Plaintiffs' claims except her FLSA claim. (Doc. No. 53) Regarding Plaintiff's promissory fraud, fraudulent misrepresentation, and negligent misrepresentation claims, Defendants argue that: (1) Ms. Hill has not identified any fraudulent statement with particularity, (Doc. No. 54 at 2–7); (2) she has not alleged how her reliance on Ardent's omissions was reasonable, (id. at 7–9); and (3) she has not suffered any injury because her individual FLSA claims were preserved when she filed this lawsuit, (id. at 9–13). As to Plaintiff's breach of contract claim, Defendants assert that: (1) Ms. Hill failed to meet the Twombly/Iqbal pleading standard by providing "only bare-bones legal assertions completely devoid of supporting facts," (id. at 14–16); and (2) she lacks standing to assert violations of Tennessee common law when she has not established residency or employment in Tennessee, (id. at 19–21). Regarding Plaintiff's unjust enrichment claim, Defendants repeat their standing argument and further argue that Ms. Hill cannot sustain an unjust enrichment claim while simultaneously arguing she (and her fellow workers) had written or oral contracts. (Id. at 16–18).

Ms. Hill has responded in opposition (Doc. No. 61) and Defendants have replied, (Doc. No. 66). After considering the parties' arguments, the Court will deny Defendants' Motion to Dismiss.

## I. LEGAL STANDARDS

### A. Rules 8 and 12

In most civil actions, the Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). That short statement must be "plausible" when "measured against the elements" of a claim. See Darby v. Childvine, Inc., 964 F.3d 440, 444 (6th Cir. 2020). In other words, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

Courts generally construe factual allegations in the light most favorable to the plaintiff, accept them as true, and draw all reasonable inferences in the plaintiff's favor. See Wilburn v. United States, 616 F. App'x 848, 852 (6th Cir. 2015). Courts must distinguish between allegations that are "well-pled" under Rule 8, and "naked assertions." See Iqbal, 556 U.S. at 678. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

When faced with a Rule 12(b)(6) motion, the Court's inquiry is limited to the content of the complaint, although it may also consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to or incorporated by reference into the complaint. See Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001).

### B. Rule 9(b)

Claims that sound in fraud must meet Rule 9(b)'s heightened pleading standard. This Rule requires a plaintiff to "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). Generally, Rule 9(b) requires a plaintiff "(1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." Republic Bank & Tr. Co. v. Bear Stearns & Co., 683 F.3d 239, 247 (6th Cir. 2012). But "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

## II. ANALYSIS

### A. Promissory fraud, fraudulent misrepresentation and negligent misrepresentation claims

Ms. Hill claims that Ardent made fraudulent promises or misrepresentations to induce her into a Tolling Agreement. (Doc. No. 49 ¶¶ 175–361, 471–514). Ardent counters that it never made any affirmative representations about who was Ms. Hill's employer, and therefore, Ms. Hill's promissory fraud, fraudulent misrepresentation, and negligent misrepresentation claims fail as a matter of law. (Doc. No. 54 at 4) ("none of the 186 numbered paragraph that Hill offers in support of her fraud claims contain an alleged intentional or negligent misrepresentation of material fact.").

Under Tennessee law[1] the elements of promissory fraud or fraudulent misrepresentation are:

---

[1] Although the parties suggest that Plaintiffs' common law claims could arise under Tennessee, Texas, Idaho, Kansas, New Jersey, New York, New Mexico or Oklahoma common law, they conduct no meaningful choice-of-law analysis. (Doc. No. 54 at 20); (Doc. No. 61 at 12). For example, Ms. Hill cites to Tennessee law when opposing the dismissal of her fraud-based claims, (Doc. No. 61 at 6), despite later asserting that Texas law applies to her breach of contract claim, (id. at 12-13). Regardless, there does not appear to be any material difference between the elements of fraud and negligent misrepresentation in Tennessee and Texas. See, e.g., Lewis v. Bank of Am. NA, 343 F.3d 540, 545 (5th Cir. 2003) (discussing the elements of fraudulent

1) an intentional misrepresentation with regard to a material fact;

2) knowledge of the misrepresentation's falsity—that the representation was made "knowingly" or "without belief in its truth," or "recklessly" without regard to its truth or falsity;

3) that the plaintiff reasonably relied on the misrepresentation and suffered damage; and

4) that the misrepresentation relates to an existing or past fact, or if the claim is based on promissory fraud, then the misrepresentation must embody a promise of future action without the present intention to carry out the promise.

See Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co., 823 F. Supp. 2d 786, 814 (W.D. Tenn. 2011) (citing Shah v. Racetrac Petroleum Co., 338 F.3d 557, 566–67 (6th Cir. 2003)); see also Edwards v. Travelers Ins. of Hartford, Conn., 563 F.2d 105, 111 (6th Cir. 1977). Relatedly, the elements of negligent misrepresentation are:

1) the defendant is acting in the course of his business, profession, or employment, or in a transaction in which he has a pecuniary (as opposed to gratuitous) interest;

2) the defendant supplies faulty information meant to guide others in their business transactions;

3) the defendant fails to exercise reasonable care in obtaining or communicating the information; and

4) the plaintiff justifiably relies upon the information and suffers a pecuniary loss as the result of the reliance.

See Dixon v. Producers Agric. Ins. Co., 198 F. Supp. 3d 832, 837 (M.D. Tenn. 2016) (citing Robinson v. Omer, 952 S.W.2d 423 (Tenn. 1997)); Parks v. Fin. Fed. Sav. Bank, 345 F. Supp. 2d

---

inducement under Texas law); Gen. Elec. Cap. Corp. v. Posey, 415 F.3d 391, 395 (5th Cir. 2005) (discussing the elements of negligent misrepresentation under Texas law). Therefore, at this stage, the Court will apply Tennessee law to the fraud-based claims given the parties apparent assumption that the outcome would be the same using Texas, Idaho, Kansas, New Jersey, New York, New Mexico or Oklahoma common law. The parties need to be more mindful of these choice-of-law issues as this case proceeds.

889, 894 (W.D. Tenn. 2004) (citing Ritter v. Custom Chemicides, Inc., 912 S.W.2d 128, 130 (Tenn. 1995)). A common thread between these causes of action is that a defendant must misrepresent a fact or supply faulty information.

The Second Amended Complaint extensively outlines the factual circumstances surrounding her Tolling Agreement with Ardent. (See Doc. No. 49 ¶¶175–361, 471–514). Curiously, though, the Second Amended Complaint never identifies a specific statement made by Ardent that is allegedly untrue. Ordinarily, this would warrant dismissal of Ms. Hill's fraud-based claims, as Ardent suggests in its motion. See Vanderbilt Univ. v. Scholastic, Inc., 382 F. Supp. 3d 734, 764 (M.D. Tenn. 2019) ("[t]he law of fraud is not rooted in the silence of the accused."); Omorfia Ventures, Inc. v. Posh Bridal Couture, LLC, 2020 WL 5500483, at *4 (M.D. Tenn. Sept. 11, 2020) ("intentional misrepresentation, fraudulent inducement, and negligent misrepresentation) all require a material misrepresentation (as opposed to a material omission."). However, the Second Amended Complaint repeatedly references the Tolling Agreement between Ms. Hill and Ardent. (E.g., Doc. No. 49 ¶¶ 14, 23–24); see also Infinium Builders LLC v. Metro. Gov't of Nashville & Davidson Cnty., 2024 WL 4009874, at *2 (M.D. Tenn. Aug. 30, 2024) ("[T]he Amended Complaint expressly incorporates by reference this exhibit … the court finds that it may consider this document without converting this motion into one for summary judgment."). Where, as here, a document is incorporated by reference into the operative pleading, the Court may consider that document alongside the allegations in the complaint. Id.

After the Court ordered the parties to provide a copy of the Tolling Agreement (Doc. No. 67), Ms. Hill filed that document on October 13, 2025, which was signed by Ms. Hill and Ardent, provides, in relevant part:

> This Agreement is made by and between AHS MANAGEMENT COMPANY, INC., d/b/a Ardent Health Services, referred below as "Defendant" and VANESSA HILL ("HILL"), on behalf of herself and all similarly situated non-exempt <u>employees of Defendant</u> who were affected by the Kronos Ransomware Hack ("Kronos Outage"), referred to below collectively as <u>"Plaintiffs"</u> or "Putative Opt-In Plaintiffs" <u>who worked for Defendant</u>.
>
> ....
>
> The statute of limitations on any Fair Labor Standards Act claim set forth in the pending Action shall not run during the duration of this Agreement against any Putative Opt-In <u>Plaintiffs who worked for Defendant from December 11, 2021, or in any pay period affected by the Kronos hack if earlier</u>, and until this Agreement is no longer in effect as set forth in paragraph 2 of this Agreement and shall also not run during the duration of this Agreement against any Putative Opt-In Plaintiff.

(Doc. No. 68-1) (emphasis added). The statements in the Tolling Agreement, read alongside the factual allegations in Second Amended Complaint, are sufficient to establish a material misrepresentation. Specifically, Ardent, through the Tolling Agreement, represented that Ms. Hill was its employee. (<u>Id.</u>). Now, after the statute of limitations has run as to its subsidiaries, Ardent asserts that it never employed Ms. Hill and that she was instead employed by one of its subsidiaries. (<u>E.g.</u>, Doc. No. 49 ¶¶ 15–18). Assuming the Second Amended Complaint is correct and Ardent is now disclaiming its employer status, its representation in the Tolling Agreement that it was Ms. Hill's employer was a misrepresentation.

The Second Amended Complaint also adequately pleads that Ms. Hill reasonably relied on Ardent's representation that it was her employer when entering into the Tolling Agreement, and that she will be harmed if Ardent is now allowed to renounce employer status. (<u>Id.</u> ¶¶ 335–343). Specifically, if Ms. Hill had known that she did not have a Tolling Agreement with her employer, she "would have sought collective certification and fully litigated this matter without delay." (<u>E.g.</u>, <u>id.</u> ¶ 342). Nothing more is required to plead reliance and injury at this stage. <u>See, e.g.</u>, <u>Millard</u>

Refrigerated Servs., Inc. v. Darville, 2016 WL 8232237, at *7 (S.D. Ala. Jan. 29, 2016) (equitable estoppel claim survives summary judgment because Plaintiffs' "lawyers aver that they relied on the misleading representations of [defense] counsel in postponing mediation and refraining from filing suit prior to the . . . expiration date of the Tolling Agreement." Accordingly, Ardent's motion to dismiss Ms. Hill's fraud-based claims must be denied.

### B. Breach of Contract

Defendants' arguments for dismissing Plaintiff's breach of contract claim have even less merit. To begin with, Defendants assert that Ms. Hill lacks Article III standing to plead a breach of contract because "she pleads no connection of any kind to Tennessee." (Doc. No. 54 at 19). This argument borders on frivolous. Ms. Hill never asserts that she or the proposed opt-in plaintiffs are relying exclusively on Tennessee law. (See generally Doc. No. 49; see also Doc. No. 61 at 12). Federal courts exercising their diversity or supplemental jurisdiction are competent to apply the laws of the various states based on choice or conflict of laws principles. Cf. Klaxon Co. v. Stentor Elec. Co., Inc., 313 U.S. 487, 496 (1941). In other words, where appropriate, federal courts may and do apply the law of all fifty states to the causes of action before them. See McCoy v. Iberdrola Renewables, Inc., 760 F.3d 674, 684 (7th Cir. 2014) ("Federal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law.").

Defendants' standing argument appears to conflate Article III's requirements with the standards governing class and collective actions, such as commonality. Although applying *conflicting* laws from different states could present a commonality problem, none of the elements of Article III standing require a plaintiff to plead that her injury occurred in a particular state. See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (the elements of constitutional standing are: (1)

the plaintiff suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision). Therefore, Defendants' standing argument must be rejected.

Next, Defendants seek dismissal of Ms. Hill's breach of contract claim, arguing that she "provides only bare-bones legal assertions devoid of any supporting facts." (Doc. No. 54 at 14). Defendants asserts that Ms. Hill does not "attach, identify, or describe in any way the alleged contract upon which her breach of contract claim is based," and that she keeps Defendants "guessing as to the nature and identity of the contract that forms … her breach of contract claim. (Id.). Defendants dramatically overstate the requirements of notice pleading. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

To plead a breach of contract under either Tennessee or Texas law, Ms. Hill is only required to allege: (1) the existence of an enforceable contract; (2) nonperformance amounting to breach of the contract; and (3) damages caused by the breach of contract." W. Silver Recycling, Inc. v. ProTrade Steel Co., LTD., 476 F. Supp. 3d 667, 676 (M.D. Tenn. 2020) (citing ARC LifeMed, Inc. v. AMC-Tenn., Inc., 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005)); see also Mullins v. TestAmerica, Inc., 564 F.3d 386, 418 (5th Cir. 2009) ("In Texas, '[t]he essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'"). She has done just that. She has identified her employment contract and the employment contracts of potential opt-in plaintiffs as existing, enforceable contracts. (Doc. No. 49 ¶¶ 143–146, 449–454). She has also alleged that Defendants

breached those employment contracts by failing to pay her and her co-workers in a timely manner and in the correct amounts. (Id. ¶¶ 147–152, 455–457). And finally, the Court can infer damage because workers did not receive the amount of pay they were owed. See Frix v. Integrity Med. Sys., Inc., 2017 WL 4171987, at *13 (W.D. Tenn. Sept. 20, 2017) ("In Tennessee, '[u]pon breach of a valid and binding contract, the law infers some damages....'" quoting Morristown Lincoln-Mercury, Inc. v. Roy N. Lotspeich Publishing Co., 298 S.W.2d 788, 795 (Tenn. Ct. App. 1956)).

Accordingly, Ms. Hill has easily satisfied her burden of pleading a breach of contract claim.

### C. Unjust Enrichment Claim

Finally, Defendants argue that Ms. Hill's unjust enrichment claim should be dismissed because: (1) she lacks standing; (2) she pleads the existence of written or oral contracts, and (3) her allegations about the benefit she conferred on Defendants are conclusory. (Doc. No. 54 at 17-18). As an initial matter, Defendants' standing argument fails for the same reasons discussed above. Their other arguments for dismissal are equally unavailing.

To plead an unjust enrichment claim under Tennessee or Texas law, Ms. Hill must allege: "(1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of such benefit under such circumstances that it would be inequitable for him or her to retain the benefit without payment of the value thereof." United States v. Goforth, 465 F.3d 730, 733–34 (6th Cir. 2006) (citing Freeman Indus., LLC v. Eastman Chem. Co., 172 S.W.3d 512, 525 (Tenn. 2005)); AT&T Corp. v. CL Thomas Petroleum Inc., 2020 WL 10867649, at *4 (S.D. Tex. Sept. 17, 2020) (discussing elements of unjust enrichment claim under Texas law). Contrary to Defendants' assertion, Ms. Hill has alternatively pled a claim for unjust enrichment. She alleges that she and her co-workers provided benefits to Defendants through their labor; that Defendants knowingly and willingly accepted the benefits of that labor;

and it would be inequitable for Defendants to retain the benefits of the labor without paying for it. (Doc. No. 49 ¶¶ 461-469). Ms. Hill's unjust enrichment allegations are clearly an alternative theory in case Defendants deny the existence of a contract or raise other contractual defenses. But the fact that Ms. Hill pleads alternative and even inconsistent theories does not doom her unjust enrichment claim. See Detroit Tigers, Inc. v. Ignite Sports Media, LLC., 203 F. Supp. 2d 789, 793 (E.D. Mich. 2002) ("[A] pleading does not become insufficient by reason of a party having made alternative, or even contradictory, claims." citing Rowe v. Cleveland Pneumatic Co., 690 F.2d 88, 92 (6th Cir. 1982)). At this stage, Ms. Hill can plead both the existence and non-existence of a contract. See Armada de la Republica Argentina v. Yorkington Ltd., 1995 WL 46394, *13 n.12 (D.D.C. 1995) ("While it is clear that a plaintiff may plead alternative (even mutually inconsistent) factual theories in her complaint, it is axiomatic that the plaintiff may not continue to assert such theories at the summary judgment stage.").

Therefore, Defendants' arguments for dismissing Ms. Hill's unjust enrichment claim must be rejected.

### III. CONCLUSION

In sum, after considering the Tolling Agreement, the Court concludes that Ms. Hill has adequately pleaded her fraud-based claims. Likewise, Ms. Hill adequately pleads her breach of contract and unjust enrichment claims. Therefore, Defendants' motion to dismiss must be denied.

An appropriate order will issue.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE